IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL CRUZ,

        Plaintiff,                    No. CIV S-10-1162 KJM EFB P

        vs.

MICHAELS, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

                              /

        Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Defendants Reynolds, Mallet, Clarke, and Walker move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1] For the reasons explained below, the undersigned recommends that the motion be denied in part and granted in part.

**I.    Background**

        This action proceeds on the amended complaint filed on January 24, 2011. Dckt. No. 21. In the amended complaint, plaintiff asserts the following allegations relevant to the instant motion:

---

[1] Defendant Brown, who filed an answer on March 29, 2011, is not a party to the instant motion.

Plaintiff, a prisoner incarcerated at High Desert State Prison ("HDSP"), received surgery to repair a hernia at Northern Nevada Medical Center on February 18, 2009. *Id.* at 2-3, 4. Plaintiff's surgeon prescribed him "Vicodin, 325 mg., every (4) hours" for his post-surgical pain, and plaintiff was returned to HDSP. *Id.* at 4-5, 9. Defendant Mallet, a physician's assistant at HDSP, changed the Vicodin prescription, however, "immediately after [the] surgery." *Id.* at 9, 10. Later in the day, plaintiff began experiencing extreme pain and told correctional officers that he needed medical attention. *Id.* at 5. One of the correctional officers told plaintiff that defendant Reynolds, a licensed vocational nurse ("LVN") at HDSP, had been notified and had instructed plaintiff to lay down and relax. *Id.* at 6. At 8 p.m. that evening, plaintiff again complained of extreme pain, but defendant Reynolds refused to provide him with the Vicodin prescribed by the surgeon. *Id.* Instead, defendant Reynolds gave plaintiff a "Tylenol #3 Aspirin/Codeine pill, which did not alleviate the pain at all." *Id.*

At 10:00 p.m., plaintiff, in extreme pain, called "man down" to obtain further treatment. *Id.* Defendant Reynolds responded, but refused to provide plaintiff with the Vicodin or any other pain treatment. *Id.* At 2:00 a.m. (now on February 19, 2009), plaintiff was experiencing extreme and unbearable pain and was taken to the Correctional Treatment Center ("CTC"). *Id.* At 3:30 a.m., a nurse at the CTC gave plaintiff a morphine injection that alleviated his pain for eight hours. *Id.* at 6-7.

At 12:00 p.m., plaintiff again was experiencing extreme pain and notified defendant Clarke, another LVN at HDSP. *Id.* at 7. Defendant Clarke denied plaintiff Vicodin and left him "to suffer in extreme pain." A short time later, plaintiff's cellmate called "man down" to obtain a response from medical staff to plaintiff's extreme pain. *Id.* Defendants Reynolds and Clarke responded, telling defendant Brown (who is not a party to this motion) that plaintiff was faking his pain in order to "get high." *Id.*

Plaintiff alleges that defendant Walker failed to adequately train defendants Reynolds and Clarke and " den[ied] that a problem existed when raised by plaintiff." *Id.* at 12.

## II.      Rule 12(b)(6) Standard

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; rather, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (internal quotation marks omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court may additionally consider facts established by exhibits attached to the complaint, facts which may be judicially noticed, and matters of public record, including pleadings, orders, and other papers filed with the court. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Similarly, the court may disregard allegations contradicted by the complaint's attached exhibits and is not required to accept as true allegations contradicted by judicially noticed facts. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing,*

*Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**III.  Analysis**

Plaintiff claims that the actions of defendants Mallet, Clarke, Reynolds, and Walker deprived him of his right to be free from Cruel and Unusual Punishment under the Eighth Amendment because these defendants were deliberately indifferent to his serious medical need.

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "An official's deliberate indifference to a substantial risk of serious harm to an inmate – including the deprivation of a serious medical need – violates the Eighth Amendment." *Conn v. City of Reno*, 572 F.3d 1047, 1054-55 (9th Cir. 2009). To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious

medical need and that the defendant's response to that need was deliberately indifferent. *Id.* at 1055, quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat plaintiff's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Conn*, 572 F.3d at 1055.  An officer has been deliberately indifferent if he was actually aware of the plaintiff's serious medical need and did not reasonably respond to the risk. *Id.* at 1056; *Farmer*, 511 U.S. at 828, 844-45.

Neither a defendant's negligence nor a plaintiff's general disagreement with the treatment he received suffices to establish deliberate indifference. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).  Evidence that medical caregivers disagreed as to the need to pursue one course of treatment over another is also insufficient, by itself, to establish deliberate indifference. *Jackson*, 90 F.3d at 332.

Additionally, a plaintiff may not sue a supervisor on the theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  Rather, a supervisor may be held liable only in his or her individual capacity "'for his own culpable action or inaction in the training, supervision or control of his subordinates.'" *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991)).

Defendants Mallet, Clarke, and Reynolds all argue that plaintiff has failed to state a viable Eighth Amendment claim because his allegations, even if accepted as true, would show only that plaintiff and the outside surgeon disagreed with HDSP medical staff as to the appropriate post-surgery pain medication and that such a difference of opinion does not amount to deliberate indifference.  According to these defendants, plaintiff has failed to allege that the treatment he received was medically unacceptable under the circumstances and chosen in conscious disregard of an excessive risk to plaintiff's health. *See Toguchi v. Chung*, 391 F.3d

1051, 1058 (9th Cir. 2004) ("[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to the prisoner's health.") (internal quotation marks omitted).

The arguments fails to take full account of plaintiff's allegations. Plaintiff pointedly alleges that defendant Mallet changed the prescription provided by his outside surgeon "knowing that [plaintiff] would suffer extreme pain as a result and failing to provide adequate [alternative] medical treatment." Dckt. No. 21 at 10. Plaintiff further alleges that the alternative treatment selected by defendant Mallet, a "Tylenol #3 Aspirin/Codeine pill," "did not alleviate the pain at all." *Id.* at 6. Plaintiff alleges that defendants Reynolds and Clarke either provided him with the ineffective Tylenol pill or no pain medication at all, ignoring his obvious pain. *Id.* at 6-7, 10-11.

In sum, plaintiff has alleged that defendants Mallet, Clarke, and Reynolds pursued a course of treatment that failed to treat his condition at all and did so knowing that the course of treatment would subject plaintiff to severe pain. He has not alleged simply a difference of opinion between himself and/or his surgeon and the defendant care providers. Rather, plaintiff's allegation of the requisite knowledge by defendants of the medical need for "Vicodin, 325 mg., every (4) hours" for plaintiff's post-surgical pain, coupled with the allegation that the alternative course of treatment (aspirin and Tylenol, and telling plaintiff to lay down and relax) wholly failed to treat his pain suffices to allege that the course of treatment was medically unacceptable. Indeed, the alleged knowledge that the treating surgeon prescribed needed pain medication and the allegation that defendants deliberately withheld that medication, thereby causing plaintiff to suffer unnecessarily for a protracted period, is precisely the sort of conduct cognizable under the Eighth Amendment. Plaintiff's allegation that these defendants pursued that course of treatment (or lack of treatment) knowing plaintiff would suffer pain as a result suffices to allege that the treatment was chosen in conscious disregard of an excessive risk to his health. For these reasons, defendants Mallet, Clarke, and Reynolds have not provided a persuasive argument for

dismissing plaintiff's claims against them and their motion to dismiss must be denied.

Defendant Walker, who plaintiff identifies as "Chief of Health Care Services," argues that plaintiff's claim against him should be dismissed because plaintiff fails to state how defendant Walker was personally involved in the alleged violation of his Eighth Amendment rights. Plaintiff's allegations regarding defendant Walker are indeed sparse; plaintiff states simply: "Defendant J. Walker acted with deliberate indifference against plaintiff by failing to adequately train and advise his LVNs on how to treat inmates, and secondly, by denying that a problem existed when raised by plaintiff." *Id.* at 12.

While a supervisor's failure to train subordinates may constitute the type of personal involvement on which § 1983 liability may be premised, plaintiff's allegations fall short of stating a claim against defendant Walker for failing to train defendants Reynolds and Clarke. To state a claim for failure to train, a plaintiff must allege facts that show that the alleged failure amounted to deliberate indifference. *Cannell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998). The complaint must allege facts showing that the training provided was inadequate and that the inadequacy was the result of a conscious choice by the supervisory defendant. *Id.* at 1213-14; *see also Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts showing that, in light of the duties assigned to specific individuals, the need for more or different training is so obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers can reasonably be said to have been deliberately indifferent to that need). Plaintiff has alleged that defendant Walker provided inadequate training, but he has alleged no facts that would show that defendant Walker chose that training even though it was obvious that the training was inadequate and likely to result in constitutional violations.

Plaintiff's other allegation against defendant Walker – that he "den[ied] that a problem existed when raised by plaintiff" is too vague to state a claim. Plaintiff provides no facts fleshing out his interaction with defendant Walker and showing that defendant Walker's conduct deprived him of the minimal civilized measure of life's necessities with deliberate indifference.

7

Accordingly, Walker's motion to dismiss plaintiff's claim against him should be granted, but with leave to amend the complaint to attempt to cure the deficiencies identified above if he can.

### IV.     Conclusion and Recommendation

For all of the above reasons, it is RECOMMENDED that:

1.  The March 29, 2011 motion to dismiss filed by defendants Clarke, Mallet, Reynolds, and Walker be denied in part and the requests for dismissal brought by defendants Clarke, Mallet, and Reynolds be denied.

2.  Defendants Clarke, Mallet, and Reynolds be ordered to file an answer to the complaint within the time provided in Rule 12 of the Federal Rules of Civil Procedure.

3.  The March 29, 2011 motion to dismiss be granted in part and the request for dismissal brought by defendant Walker be granted.

4.  Plaintiff be granted leave to file an amended complaint within 30 days of the date of an order adopting these findings and recommendations to attempt to state a claim against defendant Walker.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   November 29, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE