1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL CRUZ,

11           Plaintiff,                    No. 2:10-cv-1162 KJM EFB P

12       vs.

13   MICHAELS, et al.,

14           Defendants.              ORDER

15   _____/

16       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Before the court is plaintiff's April 20, 2012 "amended complaint."  For the

18   reasons stated below, the document will be stricken.  The court will also set new deadlines for

19   discovery and dispositive motions.

20       This action proceeds on the January 24, 2011 amended complaint on plaintiff's claims

21   against defendants Reynolds, Clark, Mallet and Brown.  *See* Complaint (Dckt. No. 21); March

22   13, 2012 Order ("Dckt. No. 48").  On March 13, 2012, the court dismissed defendant Walker

23   from this action, but granted plaintiff leave to file an amended complaint in an attempt to state a

24   claim against Walker.  Dckt. No. 48.  Plaintiff then filed an "amended complaint" naming

25   Walker as the sole defendant, and asking the court to "reconsider" the dismissal of defendant

26   Walker.  Dckt. No. 50.

1

1   Plaintiff is hereby reminded that when a plaintiff is allowed to amend his complaint, he

2   must re-write or re-type it so that it is complete in itself without reference to any earlier filed

3   complaint.  L.R. 220; s*ee also* Dckt. No. 10 at 4.  This is because an amended complaint

4   supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed

5   complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467,

6   1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated

7   thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

8   Although plaintiff's allegations are held to "less stringent standards than formal

9   pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam),

10  plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of

11  the Eastern District of California.  *See McNeil v. United States*, 508 U.S. 106, 113  (1993)

12  (procedural requirements apply to all litigants, including prisoners lacking access to counsel);

13  L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by

14  the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

15  The "complaint" plaintiff filed on April 20, 2012 concerns only plaintiff's allegations

16  against defendant Walker.  It cannot be considered as an amended complaint because it is not

17  complete in itself without reference to the original complaint.  Nor is the filing a supplemental

18  complaint within the meaning of Rule 15(d) of the Federal Rules of Civil Procedure.

19  Accordingly, the court will strike plaintiff's April 20, 2012 filing.

20  Having reviewed the April 20th filing, the court finds that further leave to amend would

21  be futile.  *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should

22  grant leave to amend even if no request to amend the pleading was made, unless it determines

23  that the pleading could not be cured by the allegation of other facts.").  In an attempt to state a

24  claim against Walker, plaintiff alleges that Walker was deliberately indifferent to his serious

25  medical needs by screening out or "roadblocking" plaintiff's administrative appeals.  Plaintiff

26  submits copies of Walker's responses to his administrative appeals.  The responses inform

1  plaintiff that because of defects in his appeals, they will not be processed.  There are no

2  constitutional requirements regarding how a grievance system is operated, and plaintiff fails to

3  show that in screening out his administrative appeals, Walker acted with the requisite deliberate

4  indifference for an Eighth Amendment claim.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th

5  Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his

6  appeals does not violate due process because prisoners lack a separate constitutional entitlement

7  to a specific prison grievance system).  Plaintiff also alleges that Walker's subordinates chose

8  an easier and less effective course of treatment for plaintiff.  As plaintiff is aware, however, he

9  may not sue a supervisor on the theory that the supervisor is liable for the acts of his or her

10  subordinates.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  Rather, a supervisor may

11  be held liable only in his or her individual capacity "'for his own culpable action or inaction in

12  the training, supervision or control of his subordinates.'"  *Watkins v. City of Oakland*, 145 F.3d

13  1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991)).

14  Plaintiff fails to sufficiently allege how defendant Walker was personally involved in violating

15  his Eighth Amendment rights.  Despite an opportunity to amend, plaintiff appears unable to

16  cure the defects in his claim against Walker.  Therefore, the court will not grant plaintiff further

17  leave to amend.

18        This case has now been pending for over two years and on November 4, 2011, the court

19  stayed the deadlines for discovery and dispositive motions.  Dckt. No. 42.  New deadlines for

20  discovery and dispositive motions are set forth below.

21        Accordingly, the court hereby ORDERS that:

22        1. The Clerk of the Court shall strike plaintiff's April 20, 2012 filing (Dckt. No. 50).

23        2. The parties may conduct discovery until January 28, 2013.  Any motions necessary to

24  compel discovery shall be filed by that date.  All requests for discovery pursuant to Fed. R. Civ.

25  P. 31, 33, 34, or 36 shall be served not later than November 28, 2012.

26  ////

3

1    3.  No further amendments to pleadings are permitted except with leave of court, good

2  cause having been shown.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

3  Cir. 1992).

4    4.  Dispositive motions shall be filed on or before March 28, 2013.  Motions shall be

5  briefed in accordance with paragraph 7 of the order filed November 2, 2010.

6    5.  The court will schedule pretrial proceedings, if necessary, upon the resolution of any

7  pretrial motions filed.  Requests to modify this schedule will be looked upon with disfavor and

8  must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

9  DATED:  October 22, 2012.

10

11    EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26